UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **FREDDIE AGUILAR,** | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | **NO. EP-20-CV-119-MAT** |
| | § | |
| **KILOLO KIJAKAZI,**[1] | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION,** | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision pursuant to 42 U.S.C. § 405(g). Plaintiff Freddie Aguilar ("Plaintiff") appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Social Security Disability Insurance Benefits ("DIB"). (ECF No. 5). In accordance with 28 U.S.C. § 636(c) and Appendix C, Rule 1(i) of the Local Court Rules of the Western District of Texas, the parties have consented to proceed with this case before the undersigned, including all proceedings and the entry of final judgment. (ECF Nos. 3, 15). For the reasons set forth below, the Commissioner's decision be **AFFIRMED**.

## I.    BACKGROUND

Plaintiff was forty-nine years old at the time the Administrative Law Judge ("ALJ") issued his decision on May 31, 2019. (R. 13, 23).[2] His relevant prior job experience included work as a certified nurse assistant, truck driver, cashier, manager, and dispatcher. (R. 23). On

---

[1] Kilolo Kijakazi is now the Acting Commissioner of the Social Security Administration (SSA). Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Acting Commissioner Andrew Saul as the defendant in this case.

[2] Reference to the record of administrative proceedings is designated by (R. [page number(s)]).

December 8, 2017, Plaintiff filed a Title II application for a period of disability and DIB, as well as a Title XVI application for supplemental security income ("SSI"), both alleging a disability onset date of December 1, 2017. (R. 16). Aguilar's applications were denied initially on February 23, 2018, and upon reconsideration on July 24, 2018. (R. 16). The ALJ held a video hearing on March 4, 2019. (R. 16). The ALJ issued a decision ("Decision") on May 31, 2019, finding that Aguilar was not disabled on both applications. (R. 24). On March 20, 2020, the Appeals Council denied Aguilar's request for review of the ALJ's Decision. (R. 1).

## II.   DISCUSSION

### A.  STANDARD OF REVIEW

The Court's review is limited to a determination of whether the Commissioner's final decision "is supported by substantial evidence on the record as a whole and whether the [Commissioner] applied the proper legal standard[s]." *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (internal quotation marks omitted) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (alteration in original) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co.*, 305 U.S. at 229). It is more than a scintilla of evidence, but less than a preponderance. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citing *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993)). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (internal quotation marks omitted)

2

(quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

In determining whether there is substantial evidence to support the findings of the Commissioner, the Court may not reweigh the evidence or try the issues de novo. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision." *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (citation omitted). "Conflicts in evidence are for the [Commissioner] and not the courts to resolve." *Spellman*, 1 F.3d at 360 (internal quotation marks omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). If the Commissioner's findings are supported by substantial evidence, "they are conclusive and must be affirmed." *Id.* (citations omitted). However, "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton*, 209 F.3d at 455.

B.  FIVE-STEP SEQUENTIAL EVALUATION PROCESS

Under the Social Security Act (the "Act"), "disability" means, in relevant part, the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). This means that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . .

*Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Social Security Administration Regulations (the "Regulations") prescribe a "five-step sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R.

3

§§ 404.1520(a)(1), 416.920(a)(1). If at any step of the process the ALJ finds that the claimant is either disabled or not disabled, the ALJ will make his determination as to disability and will not continue with a consideration of the remaining steps. *Id.* §§ 404.1520(a)(4), 416.920(a)(4).

At the first step, the ALJ determines whether the claimant is engaged in substantial gainful activity. *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the ALJ will find the claimant is not disabled and will not continue to step two. *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

At the second step, the ALJ considers the medical severity of the claimant's impairment(s). *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is severe within the meaning of the Regulations if it "significantly limits" an individual's "physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(c). If the ALJ determines that the claimant does not have a severe medically determinable physical or mental impairment or combination of impairments that meet the duration requirement, then the ALJ will find that the claimant is not disabled and will not continue to step three. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

At the third step, the ALJ also considers the medical severity of the claimant's impairment(s), specifically whether the impairment(s) meets the duration requirement and "meets or equals one of [the] listings in appendix 1 of this subpart." *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, the claimant will be found to be disabled, and the ALJ will not continue to step four. *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

Before proceeding to the fourth step, the ALJ will make a finding as to the claimant's residual functional capacity ("RFC"), "based on all the relevant medical and other evidence" in the administrative record. *Id.* §§ 404.1520(e), 416.920(e). A claimant's RFC is the most he can still do despite his physical and mental limitations that affect what he can do in a work setting. *Id.*

4

§§ 404.1545(a)(1), 416.945(a)(1). When assessing the RFC, the ALJ will consider *all* of a claimant's medically determinable impairments, not just ones that the ALJ determines are severe. *Id.* §§ 404.1545(a)(2), 416.945(a)(2).

At step four of the five-step sequential evaluation process, the ALJ considers the RFC assessment and the claimant's past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the ALJ determines that, considering the RFC, the claimant can still do his past relevant work, then the ALJ will find that the claimant is not disabled and will not continue to step five. *Id.* Finally, at step five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can adjust to other work. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the ALJ finds that the claimant cannot, then the ALJ will find that the claimant is disabled. *Id.*

C. THE ALJ'S WRITTEN DECISION

In his written Decision, the ALJ analyzed Plaintiff's applications for a period of disability and DIB and his application for SSI using the five-step sequential evaluation process set forth in the Regulations. (R. 16–24). Before beginning the evaluation process, the ALJ found that Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2021." (R. 18). At step one of the five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2017, the alleged onset date of disability. (R. 18). Proceeding to step two, the ALJ found that Plaintiff had the following severe[3] impairments: diabetes and diabetic neuropathy. (R. 18). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled

---

[3] The ALJ also determined that the following impairments were not severe: foot surgery of the right foot, hypertension, gout, obesity, degenerative disc disease ("DDD"), carpal tunnel syndrome, and a sprained right ankle. (R. 18–19). Regarding the DDD, the ALJ notes the evidence does not support that this is a consistent problem or that the claimant was prescribed a cane to assist in ambulation. (R. 19). After considering the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 C.F.R. § 404, Subpart P, Appendix 1), the ALJ also determined that the claimant's medically determinable mental impairment of depression was not severe. (R. 19–20).

the severity of one of the listed impairments in the Regulations. (R. 20).

Before proceeding to step four, the ALJ found that Plaintiff had the RFC to perform the full range of medium work as defined by the Regulations.[4] (R. 21). At step four, considering Plaintiff's RFC and his past relevant work, the ALJ determined that Plaintiff was capable of performing his past relevant work as a certified nurse assistant, truck driver, cashier, manager, and dispatcher and is not disabled. (R. 23). Accordingly, the ALJ determined that Plaintiff was not under a disability between the alleged onset date and the date of his Decision and, therefore, did not proceed to step five of the five-step sequential evaluation process. (R. 24). For his application for a period of disability and DIB, Plaintiff was deemed not disabled under sections 216(i) and 223(d) of the Act. (R. 24). Based on the application for SSI, Plaintiff was deemed not disabled under section 1614(a)(3)(A) of the Act. (R. 24).

D.  THE ALJ PROPERLY CONSIDERED AGUILAR'S CHRONIC BACK PAIN AND SEVERE STENOSIS WHEN FORMULATING THE RFC

Plaintiff argues that the ALJ "disregarded the medical evidence that reflects a chronic back condition that failed to respond to physical therapy and medication and required surgical intervention." (ECF No. 17, p. 2). To support this contention, Plaintiff lists excerpts from medical records dating from November 20, 2017, through March 10, 2019, detailing notes reflecting: treatment and prescription of pain killers (R. 347-50) and a referral to a doctor (R. 438) for foot and back pain; "throbbing; sharp; deep" pain[5] description for bilateral pain in foot and heel pain

---

[4] According to the Regulations: "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[5] Plaintiff cites to p. 445-46 and p. 585 of the record referring to "worsening pain level (10/10) and 'throbbing, sharp and deep' pain and back pain." However, p. 445-46 in the record is a doctor visit to address "bilateral pain in foot." (R. 444). Similarly, p. 585 in the record is a doctor's visit addressing "heel pain." (R. 584).

(R. 444-6, 585); use of a cane post-foot surgery[6] (R. 537, 653); post-surgery foot and pain (R. 657-58); physical therapist documentation of a lower back pain diagnosis (R. 728); ineffectiveness of medication for back and bilateral leg pain (R. 814, 820); MRI lumbar spine diagnosis for "L4-L6 severe [right and minimal left] foraminal stenosis, L3-L4 minimal right foraminal stenosis, L6-S1 posterior disc fissure" (R. 933-34); lumbar radiculopathy treatment (R. 928-29); lower back pain with constant symptoms and a pain level of 7 on a scale of 10 (R. 901); and the ability to do work-related activities on a regular basis (R. 893-98). (ECF No. 17, p. 2-4). Plaintiff also included excerpts from medical records from March 7, 2019, through March 26, 2019, that reflect a diagnosis of lumbar radiculopathy (R. 58, 77), neurogenic claudication (R. 58, 77), lumbar stenosis (R. 58, 77), Transforaminal Lumbar Interbody Fusion (TLIF) (R. 48, 58), and foraminal stenosis (R. 58, 77).

First, the ALJ's Decision and the list of exhibits considered by the ALJ included medical and other records from November 20, 2017 to February 26, 2019. The Plaintiff does not provide evidence to support the allegation that the ALJ omitted or rejected these records. Contrary to Plaintiff's assertion, the ALJ also did not omit or reject the medical records from March 7, 2019 through March 26, 2019, since Plaintiff never submitted them to the ALJ. (R. 2). These records were only submitted to the Appeals Council *after* the ALJ's Decision on May 31, 2019. (R. 2). "When confronted with new and material evidence, the Appeals Council 'shall evaluate the entire record including the new and material evidence . . . . [and i]t will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Whitehead v. Colvin*, 820 F.3d 776, 780 (5th Cir. 2016) (quoting 20 C.F.R. § 404.970(b)); *see* 20 C.F.R. § 416.1470(b). If the Appeals Council "conclude[s] that the

---

[6] Plaintiff mentions that the treating physician observes him using a cane, but a record he cites only mentions Plaintiff receiving a CAM boot for weightbearing and a prescription for pain medication post-surgery. (R. 647).

additional information d[oes] not provide a basis for changing the ALJ's decision[, then] the ALJ's decision bec[o]me[s] that Commissioner's final decision." *Whitehead*, 820 F. 3d at 779. Finally, "the regulations do not require the Appeals Council to discuss the newly submitted evidence, nor is the Appeals Council required to give reasons for denying review." *Id.* at 780.

### 1.   NEW RECORDS SUBMITTED PRIOR TO THE ALJ'S MAY 31, 2019 DECISION

The new medical records first submitted to the Appeals Council cover Plaintiff's treatment both before and after the ALJ's Decision. For the records prior to the Decision,[7] the Appeals Council determined that they "do[] not show a reasonable probability that [the records] would change the outcome of the decision." (R. 2); *see Whitehead*, 820 F.3d at 780 ("we conclude that the newly submitted evidence was not so significant as to require remand to the ALJ for additional consideration."). In his Brief, Plaintiff discusses his medical treatment records beginning from March 7, 2019, continuing through March 10, 2019. (ECF No. 17, p. 4). Plaintiff contends that "the objective medical evidence of chronic back pain and severe stenosis is substantial and disregarding it cannot comprise substantial evidence." *Id.* at 5. Because certain medical records from March 7, 2019, through March 26, 2019 were not submitted to the ALJ (R. 2), the Court finds that they could not have been considered in the Decision and thus were not improperly rejected by the ALJ. Moreover, the ALJ expressly considered the rest of the medical records identified in Plaintiff's Brief, covering from November 20, 2017 to January 10, 2019 (*see* ECF No. 17, p. 2-5), and considered Plaintiff's testimony about pain in his lower back and neck, as well as Plaintiff's use of a cane at the hearing when making the RFC determination. (R. 21). The medical records considered by the ALJ and the medical records submitted to the Appeals Council reinforce Plaintiff's back and spinal stenosis issues and the limitations that were considered and factored in

---

[7] The Appeals Council identifies these records as being from March 7, 2019 through March 26, 2019.

the ALJ's RFC determination.

Plaintiff also contends that the ALJ's "RFC analysis failed to consider Plaintiff's chronic back impairments . . . either alone or in combination as directed by 20 C.F.R. § 404.1523." (ECF No. 17, p. 7). However, after reviewing the ALJ's Decision, the Court finds that the ALJ considered all the evidence referenced by Plaintiff, and that the ALJ's RFC determination was supported by the record as a whole. The ALJ's opinion demonstrates that he weighed Plaintiff's degenerative disc disease (DDD) and other impairments, Plaintiff's ability to walk and stand, neuropathy, use of a cane eight months prior to the hearing and at the hearing, and other limitations along with Plaintiff's back problems. (R. 19, 21). The ALJ also considered a physical examination of the spine, as well as the upper extremities and muscle bulk. (R. 22). Further, the ALJ considered Plaintiff's work history, his ability to care for himself, and his mental impairment of depression. (R. 19). This Court cannot reweigh the evidence, nor substitute its judgment for that of the ALJ. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Accordingly, the Court concludes that the ALJ did not fail to consider evidence relevant to Plaintiff's back problems.

Additionally, while Plaintiff has identified the portions of the record that are relevant to his "chronic back pain and severe stenosis" (ECF No. 7, p. 5), he fails to explain how that evidence weighs in favor of a more restrictive RFC determination than the one formulated by the ALJ. Plaintiff "has the burden of proving [that he] has a medically determinable physical or mental impairment." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court should "not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficienc[y] he alleges." *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996). As Plaintiff has not articulated how the evidence that he presents weighs against

the ALJ's RFC determination, the Court cannot reverse the ALJ's Decision on these grounds.

2. NEW RECORDS SUBMITTED AFTER THE ALJ'S MAY 31, 2019 DECISION

For the records after the date of the Decision,[8] the Appeals Council determined that they "do[] not relate to the period at issue. Therefore, [they] do[] not affect the decision about whether [Plaintiff was] disabled beginning on or before May 31, 2019." (R. 2). The relevant time period, that is, the period at issue for purposes of this Court's review, is the time period prior to the date of the ALJ's Decision. *See Carter v. Berryhill*, No. CV 16-11702, 2017 WL 3641614, at *16 (E.D. La. July 26, 2017), report and recommendation adopted, No. CV 16-11702, 2017 WL 3620800 (E.D. La. Aug. 23, 2017) ("The new evidence must thus relate to the time period on or before the date of the ALJ's hearing decision."). Any consideration of disability after the date of the ALJ's Decision would be for the subject of a subsequent disability application. (R. 2). Accordingly, Plaintiff's argument that the ALJ disregarded "objective medical evidence of chronic back pain and severe stenosis" fails because there is substantial evidence that the medical records submitted to the ALJ were properly considered in the RFC determination, and were not omitted by the ALJ.

E. THE ALJ DID NOT ERR IN HIS CONSIDERATION OF THE MEDICAL OPINION EVIDENCE

Plaintiff asserts that the ALJ erred by disregarding the medical opinions of Dr. Alejandro Rocha, Dr. Bratislav Velimirovic, Dr. Leo [sic] Bhaskar, and Dr. Adaeze Onuoha, which resulted in an RFC not based on substantial evidence. (ECF No. 17, p. 6). Plaintiff appears to be arguing that the treating physician's opinion should remain a factor to be considered in the ALJ's decision. *See* 20 C.F.R. § 404.1527(c)(2) (For claims filed before March 27, 2017, "[i]f [the ALJ] find[s] that a treating source's medical opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported . . . and is not inconsistent with the other substantial evidence . . .

---

[8] The Appeals Council identifies these records as being from August 15, 2019 through September 12, 2019.

, [the ALJ] will give it controlling weight."). However, based on the change for claims filed after March 27, 2017, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a); *see* (R. 16) (Plaintiff filed his claim for disability insurance benefits on December 8, 2017).

Plaintiff also argues that the "ALJ must still articulate how they considered medical opinions from all medical sources, regardless of acceptable medical source status." (ECF No. 17, p. 7) (alteration in original) (internal quotation marks omitted). As discussed previously, Dr. Leo [sic] Bhaskar's medical opinion (from Del Sol Medical Center dated March 7, 2019 through March 19, 2019) (R. 54-60) could not be considered by the ALJ because it was submitted to the Appeals Council *after* the ALJ decision. (R. 2). The list of exhibits included with the ALJ Decision and included citations demonstrate that the ALJ reviewed and referred to exhibits with medical opinions of Dr. Alejandro Rocha, Dr. Bratislav Velimirovic, and Dr. Adaeze Onuoha. Again, the Court should "not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficienc[y] he alleges." *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996). As Plaintiff has not articulated evidence that support his allegation that the ALJ disregarded the medical opinions of these three physicians, the Court cannot reverse the ALJ's Decision on these grounds.

## III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner be **AFFIRMED**.

**SIGNED** and **ENTERED** this 29<u>th</u> day of September, 2021.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE